

Andrew H. Montroll, Esq.
Mark D. Oettinger, Esq.
Evan K. Barquist, Esq.
L. Randolph Amis, Esq.

Hajra F. Khan, Esq.
Douglas M. Brines, Esq.
Kristen Connors, Esq.

August 14, 2023

Judge Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Via ECF

Re: Request for Pre-motion Conference
    Charming Beats LLC v. Spedden
    23-cv-4533-EK-SJB

Dear Judge Komitee,

Pursuant to Rule III(B) of your personal rules, Defendants request a Pre-Motion Conference in anticipation of filing a Rule 12 motion on the basis that this Court lacks personal jurisdiction over Defendants.

The facts, in brief, are that Plaintiff alleges that Defendants have infringed Plaintiff's copyrighted musical work by uploading a video to Youtube which contains the copyrighted work as background music.

Plaintiff is a Limited Liability Company organized under the laws of the State of Florida, with a principal place of business in Flushing, New York. Complaint, ¶10.

Defendant Trevor Spedden is a resident of St. Albans, Vermont. Defendant Critical Details is an assumed business name owned by Mr. Spedden, and is not an independent legal entity. Under the name Critical Details, Mr. Spedden operates a part-time, seasonal car detailing business. Mr. Spedden began this business in college approximately 15 years ago. The business primarily serves Mr. Spedden's friends and acquaintances, and has never done business, provided services, or generated any revenue outside of Vermont. The business is very part time, and has never been Mr.

Spedden's primary source of income, generating less than $2,000 annually in gross revenue, and often less than that. It is more a hobby than a business. Defendant will submit a declaration supporting these facts with his motion.

Plaintiff alleges in the Complaint as the basis for personal jurisdiction that Plaintiff has been harmed in this district, and that Defendants generate significant income from interstate commerce. Complaint, ¶¶5 & 6. The latter allegation is no more than a legal conclusion, unsupported by any factual allegation, which is not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L.Ed.2d 868, 884 (2009). Defendants will demonstrate this allegation is false, as Defendants have generated no revenue from interstate commerce.

The Second Circuit and this Court have held that a plaintiff being domiciled in New York is insufficient to establish personal jurisdiction over a defendant related to allegations of copyright infringement. *See, e.g., Troma Entm't, Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220, 2013 WL 4766854 (2d Cir. 2013); *Adwar Casting Co. v. Star Gems, Inc.*, 342 F. Supp. 3d 297, 303, 2018 WL 5084826 (E.D.N.Y. 2018); *Morningstar Films, LLC v. Nasso*, 554 F. Supp. 3d 525, 536 (E.D.N.Y. 2021). More directly on point, this Court has recently held that uploading allegedly infringing content to Youtube is not enough to establish personal jurisdiction over a defendant. *Foster v. Price*, No. 22-CV-2031 (LDH) (LB), 2023 U.S. Dist. LEXIS 56805, 2023 WL 2734728 (E.D.N.Y. Mar. 31, 2023). This Court's decision in *Foster* is consistent with decisions in other districts, holding that the injury from this type of copyright infringement is not an in-state injury for the purposes of New York's long-arm statute, C.P.L.R. § 302(a)(3). *Freeplay Music, LLC v. Dave Arbogast Buick-GMC, Inc.*, No. 16-CV-442, 2017 U.S. Dist. LEXIS 14942, 2017 WL 449913 (S.D.N.Y. Jan. 18, 2017). Here, as in *Freeplay Music*, "Beyond the loss of [Defendant] as

a potential customer and the corresponding loss of licensing revenue, no other injury is alleged or can be reasonably inferred from the [] Complaint." *Id, at* \*13. This injury is insufficient to establish personal jurisdiction over Defendants in this Judicial District.

In our research, Defendants' counsel have found no decisions holding that uploading allegedly infringing content to Youtube is sufficient to establish personal jurisdiction over the uploader in the home state of the copyright holder.

Since the authorities are unanimous that Defendants' alleged conduct is insufficient to establish personal jurisdiction in this Judicial District, this Court should dismiss the Complaint.


Sincerely,

/s/ Evan Barquist, Esq.